Dustin D. Johnson (SBN: 234008)
The Law Offices of Dustin D. Johnson
2701 Del Paso Road, Suite 130-155
Sacramento, CA 95835
Phone: (877) 377-8070
Fax: (916) 244-9889

Attorney for Beshiba Cook

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2: 12-CR-169-MCE-11 |
| Plaintiff, | **STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER** |
| v. | |
| Beshiba Cook, | |
| Defendant. | |

STIPULATION

1.  By previous order, this matter was set for status on May 18, 2017.

2.  By this stipulation, defendant Beshiba Cook, by and through her undersigned counsel, now moves to continue the status conference until June 29, 2017, at 10:00 a.m., and to exclude time between May 18, 2017 and June 29, 2017, under Local Code T4.

3.  The parties agree and stipulate, and request that the Court find the following:

    a)  The government has represented that the discovery associated with this case includes approximately 2590 pages of investigative reports and related documents and recordings of thousands of wiretap calls. All of this discovery has been produced directly to counsel.

| | | |
|---|---|---|
| 1 | b) | Counsel for defendant desires additional time to consult with his client, |
| 2 | | conduct investigation and research, review discovery, and to discuss |
| 3 | | potential resolution with his client. Counsel for the defendant and counsel |
| 4 | | for the government have been continuing to engage in negotiations toward |
| 5 | | possible resolution. |

1.     b)     Counsel for defendant desires additional time to consult with his client, conduct investigation and research, review discovery, and to discuss potential resolution with his client. Counsel for the defendant and counsel for the government have been continuing to engage in negotiations toward possible resolution.

c)     Counsel for defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)     The United States does not object to the continuance.

e)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 18, 2017 and June 29, 2017, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions

2    of the Speedy Trial Act dictate that additional time periods are excludable from the

3    period within which a trial must commence.

5    IT IS SO STIPULATED.

7    Dated: May 16, 2017             /s/ Dustin D. Johnson
                                       DUSTIN D. JOHNSON
8                                       Counsel for Defendant
                                       Beshiba Cook

10   Dated: May 16, 2017             Phillip A. Talbert
                                        United States Attorney

12                               /s/ Jason Hitt (approved via email)
                                        Jason Hitt
13                                      Assistant United States Attorney

15                        ORDER

16      IT IS SO ORDERED.

17   Dated:  May 18, 2017

                                            MORRISON C. ENGLAND, JR.
                                          UNITED STATES DISTRICT JUDGE